■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHARLES BUTLER, Appellant, v. EDWARD M. FAY, as Warden of Green Haven Prison, Respondent.— Judgment of the Supreme Court, Dutchess County, dated November 18, 1963, affirmed, without costs. The judgment *inter alia* dismissed a writ of habeas corpus. On January 24, 1961, appellant was arraigned in the former County Court, Bronx County, on an indictment charging him with robbery and assault, both in the first degree. He was represented by counsel and entered a plea of not guilty. The court failed to give the warning required by section 335-b of the Code of Criminal Procedure as then in effect. Thereafter, on July 11, 1961, during the course of the trial on the indictment, and with counsel present, he pleaded guilty to robbery in the second degree. He was given the required warning during the course of colloquy concerning his offer so to plead, before the court put the last question to him as to whether that was his plea and before the court accepted such plea. Appellant contends that the absence of the warning at the first mentioned arraignment invalidated the ultimate judgment of conviction, which is the basis for his incarceration. We do not agree. (See *People ex rel. Gallagher* v. *Follette,* 27 A D 2d 664.) Ughetta, Acting P. J., Rabin and Benjamin, JJ., concur; Brennan and Hopkins, JJ., dissent and vote to reverse the judgment and to remand the relator to the Supreme Court, Bronx County, for rearraignment and repleading, with the following memorandum: On January 24, 1961 relator was arraigned in the former County Court, Bronx County, upon an indictment which charged him with the crimes of robbery in the first degree and assault in the first degree. He entered a plea of not guilty. It is conceded that prior to his plea he was not advised, as then required by section 335-b of the Code of Criminal Procedure (prior to L. 1963, ch. 578, eff. Sept. 1, 1963), of the effect of any pervious felony conviction upon his punishment. On July 11, 1961, during trial, after receiving the statutory warning of additional punishment, he pleaded guilty to the crime of robbery in the second degree. On September 21, 1961, he was sentenced as a second felony offender. He contends that his detention is illegal because of the trial court's failure to give the warning required by section 335-b of the Code of Criminal Procedure, as then in effect, both at the time of his arraignment and before acceptance of his plea of guilty. We are of the opinion that section 335-b, prior to its 1963 amendment, in clear,

plain and unambiguous language mandated that the warning of additional punishment be given "upon the arraignment of the defendant and before accepting a plea." There is no warrant here to speculate as to the legislative intent or to depart from the time-honored norm that where a statute is clear and unambiguous it should be accorded its literal meaning and import. We are not unmindful of *People ex rel. Dies* v. *McMann* (23 A D 2d 613), holding to the contrary upon the authority of *People* v. *Porter* (14 N Y 2d 785, 786) and with reference (cf.) to *People ex rel. Colan* v. *La Vallee* (14 N Y 2d 83). It is noted, however, that in *People* v. *Porter* (*supra*, p. 786) the defendant had stood trial. The Court of Appeals expressed the caveat that "A materially different case is presented when a defendant pleads guilty". *People ex rel. Colan* v. *La Vallee* (*supra*) merely held that habeas corpus was an appropriate remedy to review the failure to give the statutory warning. Language employed relative to the point here at issue was pure dictum. The *Dies* case (*supra*) in any event was decided prior to *People ex rel. Manning* v. *Fay* (16 N Y 2d 1061). As we read the memorandum decision in the *Manning* case (*supra*), there is an intimation, if not a recognition, that the statutory warning must be given both at the time of the arraignment and before acceptance of a plea. Although factually dissimilar — in that the warning was given at the time of arraignment and not before acceptance of the plea — our court, too, in explicit language recognized the requirement for the statutory warning "upon his arraignment *and* before acceptance of the plea" (emphasis supplied) (*People ex rel. Russo* v. *Fay*, 25 A D 2d 779). In our view, the procedural safeguards afforded to a defendant in a criminal case, under the statute as it then provided, should be preserved and not diluted by grafting upon the statute a judicial construction imposing standards of "substantial compliance" or "prejudice to defendant".